UNITED STATES DISTRICT COURT
for the
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MAYA HAYUK,<br><br>     Plaintiff,<br><br> v.<br><br>RCA RECORDS, INC. and SONY MUSIC ENTERTAINMENT,<br><br>     Defendants. | Civil Action No. 12-cv-10357<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

### Parties

1. Plaintiff Maya Hayuk ("Hayuk"), a professional visual artist who regularly creates, sells, and licenses original works of art, has a principal place of business at 720 Lorimer Street #3R, Brooklyn, New York.

2. On information and belief, Defendant RCA Records, Inc. ("RCA") is a corporation organized in Delaware and having a principal place of business at 550 Madison Avenue, New York, New York 10022.

3. On information and belief, Defendant Sony Music Entertainment ("Sony") is a general partnership organized in Delaware and having a principal place of business at 550 Madison Avenue, New York, New York 10022.

### Nature of the Complaint

4. This is an action for copyright infringement. RCA and Sony violated United States copyright laws, 17 U.S.C. § 101 *et seq.*, by incorporating Hayuk's original artwork, without her authorization, into the music video for the song *I Only Wanna Give It to You* by the artist Elle Varner (the "Video"). Hayuk seeks damages, statutory damages, attorney's fees, and appropriate injunctive relief.

**Jurisdiction and Venue**

5.  This Court has jurisdiction over the subject matter of this Complaint under 28 U.S.C. §§ 1331 and 1338(a).

6.  This Court has personal jurisdiction over Defendant RCA pursuant to M.G.L. c. 223A, § 3(a), (b) and (d), because on information and belief, RCA has produced, advertised, and distributed the Video infringing Hayuk's copyright in Massachusetts, causing tortious injury in Massachusetts.

7.  This Court has personal jurisdiction over Defendant Sony pursuant to M.G.L. c. 223A, § 3(a) and (c), because on information and belief, Sony has produced, advertised, and distributed the Video infringing Hayuk's copyright in Massachusetts, causing tortious injury in Massachusetts.

8.  Venue is appropriate in this Court under 28 U.S.C. § 1400(a).

**Facts**

9.  Hayuk is a renowned visual artist. Over almost two decades, her fine art career has included more than 75 group and solo gallery shows, installations, and murals throughout the United States and in numerous foreign countries. Her graphic work has published in dozens of books, magazines and been featured on many websites. Hayuk often licenses her artwork for use on, among other things, apparel, consumer electronics, and sporting goods. She commands premium fees and royalties for the use of her work in commercial settings.

10. In or about September 2010, Hayuk created an original and distinctive work of art entitled *Sunshine*.

11. Hayuk created this work in connection with a music video for the song

entitled "Sunshine" by the performing artist Rye Rye, which also features the performing artist M.I.A. Hayuk's work is featured prominently in this music video.

12. Hayuk retained all rights and title to the copyright in *Sunshine*. She is the sole and exclusive owner of the copyright in this work.

13. *Sunshine* was registered in a timely manner in the United States Copyright Office. It has been assigned Registration Number VAu001040947 with an effective date of registration of September 16, 2010. The Certificate of Copyright Registration is attached hereto as Exhibit A. Attached as Exhibit B is the deposit copy of *Sunshine* that was submitted with the application for copyright registration.

14. *Sunshine* was signed and dated by Hayuk. Attached as Exhibit C are photographs of *Sunshine* taken on February 9, 2012, showing that her signature still appears on the work.

15. In or around October 2011, RCA & Sony produced or otherwise commissioned the Video. This Video includes numerous scenes that incorporate videographic reproductions of Hayuk's *Sunshine*. Indeed, Hayuk's original artwork is featured prominently in the Video and adds greatly to its *mise-en-scéne*.

16. Hayuk did not authorize the use of *Sunshine* in the Video. Neither RCA nor Sony approached Hayuk seeking such authorization.

17. On information and belief, RCA and Sony distributed the infringing Video over the internet and through other channels of trade, both for sale and to generate advertising revenue.

18. On information and belief, the Video has been a critical and financial success for RCA and Sony.

19. On information and belief, the Video has been viewed more than 2.7 million times on popular video websites, such as YouTube.

20. On information and belief, extensive pre-roll, pop-up, overlay, and other display advertising appears in connection with online streams of the Video.

21. On information and belief, the Video is also available as a paid download through iTunes.

### Count I

### Copyright Infringement of *Sunshine*

22. Hayuk repeats and realleges paragraphs 1 through 21 of this Complaint, inclusive, as if fully set forth herein.

23. Hayuk's artwork entitled *Sunshine* is wholly copyrightable under the laws of the United States, and Hayuk, the creator and sole owner of *Sunshine*, holds all copyright interests therein.

24. Sunshine has been registered in the United States Copyright Office and assigned Registration VAu001040947, with an effective registration date of September 16, 2010.

25. RCA and Sony have produced, distributed, offered for sale, and sold the Video which incorporates an unauthorized copy of *Sunshine*. Such unauthorized reproduction and use of *Sunshine* constitutes an infringement of Hayuk's copyright for which she is entitled to damages and injunctive relief.

### Prayers for Relief

WHEREFORE, Hayuk prays that the Court:

1. Issue a preliminary order enjoining RCA and Sony from all further reproduction,

       manufacture, importation, sale, performance, advertising, and distribution of the Video during the pendency of this litigation;

2. Issue an order that RCA and Sony be required to deliver up for impoundment all infringing copies of the Video, in all forms whatsoever, which are in RCA's and Sony's possession or under their control;

3. Issue an order permanently enjoining RCA and Sony, and all those acting in concert with RCA and Sony, or who have obtained copies of the infringing Video, from all further reproduction, manufacture, importation, sale, advertising and distribution of the Video;

5. Award Hayuk all of her direct and consequential damages arising from RCA's and Sony's infringement of Hayuk's copyrights;

6. Award Hayuk all profits earned by RCA and Sony from the infringement of Hayuk's copyrights in accordance with § 504(b) of the Copyright Act;

7. Issue an order that RCA and Sony be required to pay to Hayuk such statutory damages within the provisions of the Copyright Act in a sum not less than $750.00, nor more than $30,000.00, per infringed work, or if the Court finds that the infringement was committed willfully, such statutory damages within the provisions of the Copyright Act in a sum up to and including $150,000.00 per infringed work.

8. Award Hayuk her reasonable attorneys' fees, costs of suit and interest;

9. Issue an order that RCA and Sony are jointly and severally liable for Hayuk's direct and consequential damages, reasonable attorney's fees, costs of suit and interest; and

10. Award Hayuk such other and further relief as the Court deems just and proper.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS.

Respectfully submitted,

Maya Hayuk

By her attorneys,

Dated: February 24, 2012

/s/Aaron Silverstein
Aaron Silverstein, Esq.
(BBO #660716)
SAUNDERS & SILVERSTEIN LLP
14 Cedar Street, Suite 224
Amesbury, MA 01913
P: 978-463-9100
F: 978-463-9109
E: asilverstein@massiplaw.com